UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X   Case No. 20-cv-4787

WILLIAM J. RIVERA,

                      Plaintiff,

          **COMPLAINT**

    -against-

ADP TOTALSOURCE FL XVI, INC. and DEMAR     **PLAINTIFF DEMANDS**
MECHANICAL INC.     **A TRIAL BY JURY**

                      Defendants.

------------------------------------------------------------------------X

    Plaintiff, WILLIAM J. RIVERA by his attorneys, SEKENDIZ LAW FIRM P.C., upon information and belief, complains as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action charging that Defendants violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), "the Act", to recover lost wages, and an additional amount as liquidated damages, reasonable attorneys' fees and costs, and to remedy violations of state common law based upon the pendent jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966), and 28 U.S.C. §1367; ; the New York State Human Rights Law, New York State Executive Law §296 *et. seq.* ("NYSHRL"), and the New York City Human Rights Law, Administrative Code § 8-107, *et seq*. ("NYCHRL"), and seeks to recover lost wages, emotional distress, punitive damages, reasonable attorneys' fees and costs as a result of being discriminated against on the basis his disability.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 626(c), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

4. The Court also has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5. Jurisdiction is also conferred upon this Court by 28 U.S.C. Sect. 1331; and 28 U.S.C. Sect. 1343., 28 U.S.C. § 1337 (interstate commerce). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367 (a).

6. This action involves questions of federal law. 28 U.S.C. § 1331

7. Venue is proper in this district based upon Defendants' principal place of business within the Southern District of New York. 28 U.S.C. §1391(b).

## PROCEDURAL PREREQUISITES

8. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

9. Plaintiff filed a charge with EEOC on March 9, 2020.

10. "EEOC" is currently closed and Plaintiff's request for a "Right to sue" is still pending.

## PARTIES

11. Plaintiff WILLIAM J RIVERA, ("PLAINTIFF") is a resident of the County of Queens and State of New York.

12. Defendant. ADP TOTALSOURCE FL XVI, INC. ("ADP") is a foreign business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 10200 Sunset Drive, Miami, Florida, 33173

13. Defendant "ADP" is a Florida corporation.

14. Defendant "ADP" is a foreign corporation registered to conduct business in the State of New York.

15. Defendant "ADP's" New York Office is located at 147 Attorney Street, New York, New York, 10002.

16. Defendant DEMAR MECHANICAL INC. ("DEMAR") is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 147 Attorney Street, New York, New York, 10002.

17. Defendant "DEMAR" is a New York Corporation.

18. Defendant "DEMAR" is a domestic corporation registered to do business in the State of New York.

19. Defendant "DEMAR's" principal place of business and main office is located at 147 Attorney Street, New York, New York, 10002.

20. Defendants "ADP" and "DEMAR" jointly employed Plaintiff.

21. Plaintiff was, at all times relevant, a full-time employee of "ADP."

22. Plaintiff was at all times relevant, a full-time employee of "DEMAR."

23. Defendant "ADP". had authority to hire and fire Plaintiff.

24. Defendant "ADP" had authority to supervise and control Plaintiff's work.

25. Defendant "ADP" had authority to control Plaintiff's employment records.

26. Defendant "ADP" determined and/or approved the Plaintiff's rate and method of pay

27. Plaintiff was, at all times relevant, a full-time employee of "DEMAR."

28. Defendant "DEMAR" had authority to hire and fire Plaintiff.

29. Defendant "DEMAR" had authority to supervise and control Plaintiff's work.

30. Defendant "DEMAR" had authority to maintain Plaintiff's employment records.

31. Defendant "DEMAR" determined and/or approved the Plaintiff's rate and method of pay.

32. Defendants "ADP" and "DEMAR" jointly employed Plaintiff in that, Plaintiff's W-2 form lists both "ADP" and "DEMAR" as the employers of Plaintiff.

## MATERIAL FACTS

33. Plaintiff a disabled individual within the meaning of ADA in that he was diagnosed with Fahr's Syndrome. Fahr's Syndrome is a rare, genetically dominant, inherited neurological disorder characterized by abnormal deposits of calcium in areas of the brain that control movement, including the basal ganglia and the cerebral cortex.

34. Plaintiff was employed by "ADP" as a purchaser with an annual salary of $85,000.00.

35. Plaintiff was initially hired by "ADP" on October 7, 2019.

36. Plaintiff was employed by "DEMAR" as a purchaser with an annual salary of $85,000.00.

37. Plaintiff was initially hired by "DEMAR" on October 7, 2019.

38. Plaintiff's job location was 147 Attorney Street, New York, New York, 10002.

39. On or about December 20, 2019, Plaintiff started to feel extremely dizzy and informed his supervisor Alex that he would not be able to make it to work. Plaintiff was allowed to work from home on that day.

40. On or about December 23, 2019, Plaintiff went to work but felt extremely dizzy again and asked his supervisor to allow him to go home. Alex agreed. The same date Plaintiff went to Mount Sinai hospital and he was scheduled for a neurology test for January 2, 2020. January 2, 2020 was the earliest date the doctors could see Plaintiff. With the defendants' approval, Plaintiff took the rest of the week off due to the dizziness, which required him to lay in bed. On or about December 30, 2020, Plaintiff received a text message from his supervisor Alex indicating "Are you back to work?" Plaintiff sent Alex a message indicating as follows: "I tried

4

calling you yesterday. I am doing better but it is still very hard to get around. The only time I feel okay is when I lay down. Everything stops spinning…I wanted to ask you if I could work from home…" Alex responded "Okay. I will let the office know that you are out. When you are ready to return let me know so we can talk." Plaintiff responded to him indicating "Please do not fire me. I love my job and that it was the best job I ever had." Alex responded indicating" Ok. After your doctor visits, Let's talk"

41. On or about January 2, 2020, Plaintiff advised his supervisor, Alex that he was ready to return work and that he cared about his job very much and Alex told Plaintiff to report to work at 6:00Am January 3, 2020. On the morning of January 3, 2020, Plaintiff's supervisor Alex told Plaintiff to complete all of his doctor's visits first to make sure that he was okay before he started working and Plaintiff thanked him.

42. On or around January 7, 2020, Plaintiff sent a text message to Alex thanking him for being patient concerning my medical condition. Alex responded "We want you back. I just want to make sure your health is OK."

43. On or around January 9, 2020 Plaintiff had an appointment with the ENT.

44. On or around January 13, 2020 Plaintiff had the MRIs done.

45. On or around January 17, 2020 Plaintiff's doctors advised him that his symptoms were related to Fahr's syndrome and that he was cleared to return to work.

46. On or around January 18, 2020, Plaintiff's supervisor Alex told Plaintiff not to come to work because they were trying a new guy for Plaintiff's position. Plaintiff responded to him indicating that he was ready to come to work two weeks ago but that he (Alex) did not allow him to do so indicating Plaintiff's health mattered most. Plaintiff asked Alex if another position which was posted by the company was still available and Alex said they had already hired

someone for that position.

47. On or about January 23, 2020, Plaintiff was officially fired from his position.

48. On or about February 23, 2020 Plaintiff was hit with medical bills totaling $7,000.00.

49. Upon reviewing the documents, Plaintiff realized that his ex-employers cancelled his insurance on or about January 1, 2020 even though Plaintiff was terminated from his position on or around January 23, 2020. Plaintiff asked Alex for an explanation, but he did not respond.

50. The defendant 'ADP" discriminated against Plaintiff because Plaintiff is disabled and because it did not want to pay the cost of health insurance.

51. The defendant 'ADP" discriminated against Plaintiff because Plaintiff is disabled and because it did not want to pay the cost of health insurance.

52. The defendant "DEMAR" discriminated against Plaintiff because Plaintiff is disabled and because it did not want to pay the cost of health insurance.

53. Plaintiff qualified for the position and Plaintiff would be able to comply with the essential functions of the job with reasonable accommodations. However, "ADP" and "DEMAR" did not want to reasonably accommodate Plaintiff's disability.

54. The defendant "ADP" terminated Plaintiff in ten (10) days after Plaintiff started to exhibit the symptoms of Fahr's Syndrome.

55. The defendant "DEMAR" terminated Plaintiff in ten (10) days after Plaintiff started to exhibit the symptoms of Fahr's Syndrome.

56. Plaintiff's performance was, upon information and belief, above average during the course of his employment with Defendant "ADP."

57. Plaintiff's performance was, upon information and belief, above average during the course of his employment with Defendant "DEMAR"

58. Plaintiff has been unlawfully discriminated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

59. Defendant "ADP's" actions and conduct were intentional and intended to harm Plaintiff.

60. Defendant "DEMAR's" actions and conduct were intentional and intended to harm Plaintiff.

61. As a result of "ADP's' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

62. As a result of "DEMAR's' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

63. As a result of the Defendants 'ADP" and "DEMAR's" discriminatory treatment of Plaintiff, he has suffered severe emotional distress and physical ailments.

64. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

65. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

66. Defendants 'ADP" and "DEMAR's"  conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE AMERICANS WITH DISABILITIES ACT

67. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

68. Plaintiff claims that Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) ("ADA"), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

69. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

70. Defendant "ADP" engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability.

71. Defendant "DEMAR" engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability.

72. As such, Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

73. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

74. The Administrative Code of City of NY § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the

actual or perceived age, race, creed, color, national origin, gender, **disability**, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or **to discharge from employment** such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

75. Defendant "ADP" violated the section cited herein as set forth.

76. Defendant "DEMAR" violated the section cited herein as set forth.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

77. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

78. New York City Administrative Code Title 8-107(13) **Employer liability** for discriminatory conduct by employee, agent or independent contractor.

    a.  An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b.  An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

        i.  the employee or agent exercised managerial or supervisory responsibility; or

        ii. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take

>  > immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
>
>  > iii. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.
>
> c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

79. Defendant "ADP" violated the section cited herein as set forth.
80. Defendant "DEMAR" violated the section cited herein as set forth.

### AS AN FOURTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER STATE LAW

81. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

82. Executive Law § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or **disability**, or marital status of any individual, to refuse to hire or employ or to bar or **to**

10

**discharge from employment** such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

83. Defendant "ADP" engaged in an unlawful discriminatory practice by discriminating against Plaintiff solely due to his disability.

84. Defendant "DEMAR" engaged in an unlawful discriminatory practice by discriminating against Plaintiff solely due to his disability.

## JURY DEMAND

160. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants "ADP" and "DEMAR" engaged in unlawful employment practices prohibited by the ADA, NYSHRL, and the NYCHRL, by discriminating against Plaintiff on the basis of his disability.

B. Awarding damages to Plaintiff, retroactive to the date of his discharge for all lost wages and benefits resulting from Defendants "ADP" and "DEMAR" unlawful termination of his employment and to otherwise make him whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. All such other and further relief as the Court deems just and proper.

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants "ADP" and "DEMAR" unlawful employment practices.

Dated: New York, New York
       June 22, 2020

                                             **SEKENDIZ LAW FIRM P.C.,**
                                             **ATTORNEYS AT LAW**

By:    ___s/Ismail S. Sekendiz/____
        Ismail S. Sekendiz, Esq. (IS-0509)
        *Attorneys for Plaintiff*
        45 Broadway Suite: 1420
        New York, New York 10006
        (212) 380-8087
        Email: isinan@hotmail.com